UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-46-TLS |
| | ) | |
| DANIEL D. MILLER | ) | |

**OPINION AND ORDER**

The Defendant, Daniel D. Miller, has pled guilty to violating 18 U.S.C. § 922(g)(1) because he possessed a firearm, having already been convicted of a felony. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The Defendant objects to the PSR's designation of his 2014 conviction under Indiana Code § 35-45-2-1 as a crime of violence under the United States Sentencing Guidelines, § 2K2.1(a)(4)(A). If the Court determines that the Intimidation conviction is a crime of violence, then the base offense level begins at 20 and the Guideline range is 30 to 37 months. If the Court determines that it is not, then the base offense level starts at 14 and the Guideline range is 15 to 21 months.

The base offense level for a violation of 18 U.S.C. § 922(g)(1) is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The definition of a crime of violence for purposes of § 2K2.1 is found "in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2 (Definitions of Terms Used in Section 4B1.1)." *Id.* § 2K2.1, Application Note 1. Accordingly, a crime of violence is an offense punishable by imprisonment for at least one year that "has as an element the use, attempted use, or threatening

use of physical force against the person of another." *Id.* § 4B1.2(a)(1).[1]

The categorical approach is the primary method for considering whether a previous conviction qualifies as a predicate crime of violence. *See Descamps v. United States*, 570 U.S. ––––, 133 S. Ct. 2276, 2281 (2013); *United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011). The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted). In a select few cases the application of the modified categorical approach is appropriate. When a statute is "divisible," setting out one or more elements of the offense in the alternative, a sentencing court may look beyond the statute and the conviction. *Descamps*, 133 S. Ct. at 2284. In those cases, a court may look to the so-called *Shepard* documents—indictments, jury instructions, and plea hearing transcripts—to determine which of the various elements of the statute formed the basis for the conviction. *Id.*; *Shepard v. United States*, 544 U.S. 13, 17 (2005); *Yang*, 799 F.3d at 753. Once that is done, the categorical approach is again employed to determine whether those elements satisfy the force clause. *Yang*, 799 F.3d at 753.; *see also Mathis v. United States*, 136 S. Ct. 2243 (2016).

Here, the parties agree that Indiana's Intimidation statute is divisible, a position that the Seventh Circuit has also taken. *See United States v. Ellis*, 622 F.3d 784, 798 (7th Cir. 2010) ("Indiana's intimidation statute is divisible in the sense required to trigger the modified categorical approach."). Accordingly, it is appropriate to consider the charging document and the

---

[1] Subsection (a)(2) enumerates certain offenses that are considered crimes of violence, but Intimidation is not one of the enumerated crimes.

2

plea agreement, which show that the sections of the Intimidation statute that the Defendant was convicted under were subsections (a)(1) and (b)(2)(A). Under those subsections, it is a Level 5 felony to "communicate[] a threat to another person, with the intent . . . that the other person engage in conduct against the other person's will," Ind. Code § 35-45-2-1(a)(1), while "draw[ing] or us[ing] a deadly weapon," *id.* § 35-45-2-1(b)(2)(A).

The Court must determine whether the crime of communicating a threat with intent that another person act against his or her will, while drawing a deadly weapon, has as an element the use, attempted use, or threatening use of physical force against the person of another. In *Ellis*, the Seventh Circuit considered whether a conviction under the subsections of the Intimidation statute that made it a felony to threaten to unlawfully injure a law enforcement officer was a crime of violence. 622 F.3d at 789. The court held that the Intimidation offense did not have as an element the threatened use of physical force because the threat could be directed at either physical or nonphysical injuries, including emotional or reputational harms. *Id.*

*Ellis* is a helpful starting point, but it is not factually on point. Here, the added element of drawing a dangerous weapon during the threatening communication is a distinguishing factor. Indiana courts have treated the act of drawing or using a deadly weapon as an "element" of Intimidation when charged as a felony under subsection (b)(2). *See Ransley v. State*, 850 N.E.2d 443, 446 (Ind. Ct. App. 2006); *Casey v. State*, 676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997). This was the point the Seventh Circuit made in an unpublished decision, when it determined that the portion of the Indiana Intimidation statute criminalizing drawing a deadly weapon during the course of threatening another person is a crime of violence. *See United States v. Scott*, 418 F. App'x 548, 551–52 (7th Cir. 2011). The Intimidation statute defines a "threat" to be an

3

expression, by words or action, of an intention to:

> (1) unlawfully injure the person threatened or another person, or damage property; (2) unlawfully subject a person to physical confinement or restraint; (3) commit a crime; (4) unlawfully withhold official action, or cause such withholding; (5) unlawfully withhold testimony or information with respect to another person's legal claim or defense, except for a reasonable claim for witness fees or expenses; (6) expose the person threatened to hatred, contempt, disgrace, or ridicule; (7) falsely harm the credit or business reputation of the person threatened; or (8) cause the evacuation of a dwelling, a building, another structure, or a vehicle.

Ind. Code § 35-45-2-1 (d)(1)–(2). Not all of these require that the communicated threat be to cause physical injury. However, at least one court in Indiana has treated the nature of the threat as an element of the offense. *See Gaddis v. State*, 680 N.E.2d 860, 861 (Ind. Ct. App. 1997) (focusing on the definition that requires an intention to "unlawfully injury the person threatened"). In *Gaddis*, the court held that one motorist's display of the profile of a handgun for a few seconds to the driver of another car was not a threat under Indiana's Intimidation statute. *Id.* at 861–62 (holding that "the mere display of a handgun does not express an intention to unlawfully injure a person or his property"). To convict the defendant, the state had to prove that he communicated through his actions an intention to "unlawfully injure" the person being threatened. *Id.* at 861 ("A threat requires that the defendant express an intention to unlawfully injure the person threatened.").

Even if the State was not required to prove that the Defendant expressed an intent to injury, as opposed to cause some non-physical harm to the person he was threatening, the Court finds that, implicit in the use of the deadly weapon to threaten a person to take some action against their will, is the threatened use of physical force. On that point, the Court disagrees with the Defendant that the presence of a dangerous weapon does not eliminate the non-physical threats that may satisfy the statute. It must be remembered that the Defendant was not convicted

4

of displaying a dangerous weapon; he was convicted of threatening another person in an effort to have them engage in conduct against their will, while displaying a deadly weapon. This "necessarily includes at least an implied threat" that the person will "use force" against the person if his "demand is not satisfied." *Cf. United States v. Cureton*, 845 F.3d 323, 326 (7th Cir. 2017) (holding that a statute prohibiting "communication containing any demand or request for ransom or reward for the release of any kidnapped person" was debatably a crime of violence because it "necessarily includes at least an implied threat that the kidnapper will use force against the captive if the demand is not satisfied"). In *Cureton*, the Seventh Circuit reasoned that the "implied threat of 'Or else!' in a ransom demand is understood as a threat of violence," or the demand would be "meaningless." *Id.* Similarly, if a threatening communication that is intended to coerce otherwise unwilling conduct from another is made while drawing a deadly weapon, that weapon is the "Or else!" that implies physical force will be used if the victim does not comply.

"Physical force" is "force capable of causing physical pain or injury to another person." *See Johnson v. United States*, 599 U.S. 133, 140 (2010) (defining a similar term in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i) (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003))). A slap in the face is sufficient to inflict pain and qualify as violent physical force. *Id.* at 143. The Court concludes that, when a threat compelling another to do something against his or her will is accompanied by the show of a deadly weapon, it involves, at a minimum, the threat of such force.

Because the Indiana statute criminalizing a threat made while drawing a deadly weapon "has as an element the use, attempted use, or threatened use of physical force against another

5

person" it is a crime of violence under U.S.S.G. § 2K2.1. Regardless of whether the Intimidation conviction qualifies as a crime of violence for determining the Defendant's base offense level, the Court will consider all the factors that are relevant under 18 U.S.C. § 3553(a) when sentencing the Defendant. Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). Among the factors the Court will consider are the Defendant's history and characteristics, which can include the actual conduct that led to his Intimidation conviction. *See United States v. Sonnenberg*, 628 F.3d 361, 368 (7th Cir. 2010); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Defendant is entitled to make a statement on his own behalf in mitigation of punishment. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). The Government is also afforded this opportunity. *Id.* 32(i)(4)(A)(iii). Therefore, the Court reserves a determination of the appropriate sentence until after the Defendant, and the Government, have had an opportunity to address the Court.

## CONCLUSION

For the reasons stated above, the Court OVERRULES the Defendant's objection to the Offense Level Computation section of the PSR, paragraphs 28–37.

SO ORDERED on March 7, 2017.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT